UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON H. ROHRER, individually; and FLORENCE R. EMERSON, individually,<br><br>                   Plaintiffs,<br><br>v.<br><br>COMBINED TRANSPORT, INC., et al.,<br><br>                   Defendants. | CASE NO. C18-5950 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESSES AND PRECLUDE EXPERT TESTIMONY, GRANTING DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINE, AND GRANTING CONTINUANCE |

This matter comes before the Court on Defendants Combined Transport, Inc. and David. W. Campbell's ("Defendants") motion to strike Plaintiffs' expert witnesses and preclude expert testimony, Dkt. 16, and Defendants' motion for extension of time to complete discovery, Dkt. 27. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to extend discovery and denies the motion to strike expert witness for the reasons stated herein.

### I. PROCEDURAL HISTORY

On October 8, 2018 Plaintiffs Jon H. Rohrer and Florence R. Emerson ("Plaintiffs") filed a complaint for personal injuries arising out of a motor vehicle

ORDER - 1

collision against Defendants in the Pierce County Superior Court for the State of Washington. Dkt. 1-2. On November 11, 2018, Defendants removed the case to this Court. Dkt. 1.

On August 30, 2019, Defendants moved to strike Plaintiffs' expert witnesses and preclude expert witness testimony. Dkt. 16. On September 18, 2019, Plaintiffs responded. Dkt. 30. On September 20, 2019, Defendants replied. Dkt. 22.

On October 28, 2019, Defendants moved for extension of time to complete discovery. Dkt. 27. On November 12, 2109, Plaintiffs responded. Dkt. 29. On November 15, 2019, Defendants replied. Dkt. 30.

## II. DISCUSSION

First, the Court will address scheduling. Defendants request a 45-day extension of discovery, which Plaintiffs do not oppose. Dkts. 27, 29. In response, Plaintiffs requested a three-month continuance with discovery closing 45 days prior to the new trial date, which Defendants do not oppose. Dkts. 29, 30. The Court finds good cause to continue so that the parties may complete the considerable outstanding discovery. Because the parties are in agreement that the trial date should be continued and discovery should be extended through 45 days from the new trial date, the Court construes Defendants' motion to extend discovery as a motion to extend discovery and continue the trial date as described and grants the motion.

Second, the Court turns to the parties' discovery dispute. Defendants argue Plaintiffs' expert Dr. Lowell C. Finkleman, M.D. ("Dr. Finkleman") and his expert report were late disclosed and should be excluded pursuant to Federal Rule of Civil Procedure

37(c)(1) and that Plaintiffs' treating physicians should be excluded for failure to adequately disclose their opinions under Federal Rule of Civil Procedure 26(a)(2)(C). Dkt. 22 at 3, 6.

Under Federal Rule of Civil Procedure 37(c), the failure to comply with Rule 26(a) may result in exclusion of a witness unless the failure is substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). Though Plaintiffs' counsel could have provided additional detail regarding the specific health considerations which prevented timely disclosure of Dr. Finkleman's report to potentially support a finding of substantial justification, the Court finds the late disclosure is harmless where the parties agree that discovery should be extended and the trial date should be continued, providing Defendants time to depose Dr. Finkleman and secure a rebuttal expert if necessary.

Regarding the level of specificity provided summarizing the testimony of Plaintiffs' treating providers, Defendants argue that Plaintiffs' disclosure is inadequate because it does not include any detail about either of the two plaintiff's injuries or treatment. Dkt. 22 at 6. Plaintiffs counter that Defendants failed to request a meet and confer pursuant to Rule 37(a)(1) prior to filing the motion. Dkt. 20 at 8; Dkt. 23 at 1. The Ninth Circuit has found it was not an abuse of discretion for the district court to determine summaries of non-retained expert testimony were inadequate when they provided only a general overview of the topics on which the non-retained expert would testify and failed to summarize the facts and opinions to which the non-retained expert would testify. *Amezcua v. Boon*, 754 F. App'x 551, 553 (9th Cir. 2018) (citing Fed. R.

Civ. P. 26(a)(2)(C)(ii)). As Plaintiffs' responses appear to primarily identify topics of treating physician testimony and lack a summary of the facts and opinions anticipated to be addressed, but Defendants failed to seek this information from Plaintiffs before requesting the Court's intervention, Plaintiffs should promptly supplement their response with a summary of the facts and opinions to which each treating physician is expected to testify. *See Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. Mar. 9, 2012) (explaining that Rule 26(a)(2)(C) disclosure helps the other party prepare for deposition and/or identify which witnesses it needs to depose). The Court expects that supplemental disclosure will render this issue harmless.

If after the additional period of discovery Defendants continue to believe they are prejudiced by the issues identified, Defendants may revisit these issues with the Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to strike expert witnesses and preclude expert testimony, Dkt. 16, is **DENIED**, and Defendants' motion to extend discovery (and continue trial date), Dkt. 27, is **GRANTED**. The parties shall work with the Courtroom Deputy to schedule a new trial date.

Dated this 17th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge